SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

--------------------------------------------------------------------------X

ORLANDO SANTANA FRIAS,

Plaintiffs,

-against-

MIGUEL F VEGA, VEGA TRANSPORTATION, LLC and WAKEFERN FOOD CORP.,

Defendants,

--------------------------------------------------------------------------X

# SUMMONS

Index No. ______________________

Plaintiff(s) designates
NASSAU County
as the place of trial
The basis of venue is
The location of accrual
Of the cause of the accident
County of NASSAU
State of New York

To the above named Defendant(s)

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: **December 12, 2024**

**BY: ADILYA GAMBONE, ESQ.**
**This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1.1-a of the rules of the Chief Administrator (22NYCRR)**
**Attorney(s) for Plaintiff(s)**
**Office and Post Office Address**
**8652 WOODHAVEN BLVD.**
**QUEENS, NY 11421**
**T: (718) 650-5111**

Notice: The object of this action is to recover for personal injury due to defendant(s) negligence

The relief sought is Monetary Damages

Upon your failure to appear, judgment will be taken against you by default with interest from May 21, 2024 and the costs of this action.

**DEFENDANT(S) ADDRESS (ES)**

MIGUEL F VEGA
110 Lincoln Ave N
Arlington NJ 07031

VEGA TRANSPORTATION, LLC
110 Lincoln Ave N
Arlington NJ 07031

WAKEFERN FOOD CORP.
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---X
ORLANDO SANTANA FRIAS,

Plaintiffs,

VERIFIED COMPLAINT

-against-

Index #:________________

MIGUEL F VEGA, VEGA TRANSPORTATION, LLC
and WAKEFERN FOOD CORP.,

Defendants,
---X

Plaintiffs, complaining of the defendants by their attorney upon information and belief, respectfully allege:

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ORLANDO SANTANA FRIAS**

1. That at all the times herein mentioned, the Plaintiff, ORLANDO SANTANA FRIAS, was and still is a resident of the County of Carbon, the State of Pennsylvania.

2. That at all the times herein mentioned, the defendant MIGUEL F VEGA, was and still is a resident of the County of Bergan, in the State of New Jersey.

3. That at all times mentioned, defendant, MIGUEL F VEGA, was the owner of a motor vehicle bearing New Jersey State registration number AY467K.

4. That at all times mentioned, defendant, MIGUEL F VEGA, was the titled owner of a motor vehicle bearing New Jersey State registration number AY467K.

5. That at all times mentioned, defendant, MIGUEL F VEGA, was the registered owner of a motor vehicle bearing New Jersey State registration number AY467K.

6. That at all times hereinafter alleged, and upon information and belief, the Defendant MIGUEL F VEGA, was the lessee of a motor vehicle bearing New Jersey Registration number AY467K.

7. That at all times hereinafter alleged, and upon information and belief, the Defendant MIGUEL F VEGA, was the lessor of a motor vehicle bearing New Jersey Registration number AY467K.

8. That at all times hereinafter alleged, and upon information and belief, the Defendant MIGUEL F VEGA, was the renter of a motor vehicle bearing New Jersey Registration number AY467K.

9. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, maintained the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

10. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, managed the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

11. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, controlled the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

12. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, operated the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

13. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, operated motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant VEGA TRANSPORTATION, LLC.

14. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, operated the aforesaid motor vehicle bearing New Jersey State registration number AY467K within the scope of his employment of Defendant, VEGA TRANSPORTATION, LLC.

15. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, maintained motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant VEGA TRANSPORTATION, LLC.

16. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, managed motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant VEGA TRANSPORTATION, LLC.

17. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, controlled motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant VEGA TRANSPORTATION, LLC.

18. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION LLC, was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

19. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION LLC, was and still is a domestic business corporation organized and existing under and by virtue of the laws of New York.

20. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

21. That at all of the time hereinafter mentioned, and upon information and belief, Defendant VEGA TRANSPORTATION, LLC was a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

22. That at all of the time hereinafter mentioned, and upon information and belief, Defendant VEGA TRANSPORTATION, LLC was a foreign business corporation authorized to do business under and by virtue of the laws of the State of New York.

23. That at all times hereinafter alleged, and upon information and belief, the defendant VEGA TRANSPORTATION, LLC was and still is a foreign company authorized to do

business under and by virtue of laws and of the State of New York.

24. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC conducted and carried on business in the State of New York.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant, VEGA TRANSPORTATION, LLC transacted business within County of Nassau, the State of New York.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant, VEGA TRANSPORTATION, LLC derived substantial revenue from interstate or international commerce.

27. That at all times mentioned, defendant, VEGA TRANSPORTATION, LLC was the owner of a motor vehicle bearing New Jersey State registration number AY467K.

28. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC was the titled owner of a motor vehicle bearing New Jersey Registration number AY467K.

29. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC was the registered owner of a motor vehicle bearing New Jersey Registration number AY467K.

30. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC was the lessee of a motor vehicle bearing New Jersey Registration number AY467K.

31. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC was the lessor of a motor vehicle bearing New Jersey Registration number AY467K.

32. That at all times hereinafter alleged, and upon information and belief, the Defendant

VEGA TRANSPORTATION, LLC was the renter of a motor vehicle bearing New Jersey Registration number AY467K.

33. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC maintained the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

34. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC managed the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

35. That at all times hereinafter alleged, and upon information and belief, the Defendant VEGA TRANSPORTATION, LLC controlled the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

36. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, operated motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant WAKEFERN FOOD CORP.

37. That at all times hereinafter mentioned, defendant, MIGUEL F VEGA, operated the aforesaid motor vehicle bearing New Jersey State registration number AY467K within the scope of his employment of Defendant, WAKEFERN FOOD CORP.

38. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, maintained motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant WAKEFERN FOOD CORP.

39. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, managed motor vehicle bearing New Jersey State registration number AY467K with the knowledge, permission and consent of defendant WAKEFERN FOOD CORP.

40. That at all times hereinafter alleged, and upon information and belief, the defendant, MIGUEL F VEGA, controlled motor vehicle bearing New Jersey State registration number

AY467K with the knowledge, permission and consent of defendant WAKEFERN FOOD CORP.

41. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP, was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

42. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP, was and still is a domestic business corporation organized and existing under and by virtue of the laws of New York.

43. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP, was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

44. That at all of the time hereinafter mentioned, and upon information and belief, Defendant WAKEFERN FOOD CORP was a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

45. That at all of the time hereinafter mentioned, and upon information and belief, Defendant WAKEFERN FOOD CORP was a foreign business corporation authorized to do business under and by virtue of the laws of the State of New York.

46. That at all times hereinafter alleged, and upon information and belief, the defendant WAKEFERN FOOD CORP was and still is a foreign company authorized to do business under and by virtue of laws and of the State of New York.

47. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP conducted and carried on business in the State of New York.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, WAKEFERN FOOD CORP transacted business within County of Nassau, the State of New York.

49. That at all the times hereinafter alleged, and upon information and belief, the defendant,

WAKEFERN FOOD CORP derived substantial revenue from interstate or international commerce.

50. That at all times mentioned, defendant, WAKEFERN FOOD CORP was the owner of a motor vehicle bearing New Jersey State registration number AY467K.

51. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP was the titled owner of a motor vehicle bearing New Jersey Registration number AY467K.

52. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP was the registered owner of a motor vehicle bearing New Jersey Registration number AY467K.

53. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP was the lessee of a motor vehicle bearing New Jersey Registration number AY467K.

54. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP was the lessor of a motor vehicle bearing New Jersey Registration number AY467K.

55. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP was the renter of a motor vehicle bearing New Jersey Registration number AY467K.

56. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP maintained the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

57. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP managed the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

58. That at all times hereinafter alleged, and upon information and belief, the Defendant WAKEFERN FOOD CORP controlled the aforesaid motor vehicle bearing New Jersey State registration number AY467K.

59. That at all times hereinafter alleged, and upon information and belief, the Plaintiff ORLANDO SANTANA FRIAS, was operating a motor vehicle bearing Pennsylvania State Registration number LWR0831.

60. At all times hereinafter mentioned, N/B 135 Exit 10 at or near its intersection with Old Country Road, in the County of Nassau and State of New York, was and still is a public roadway/highway used extensively by the public general.

61. That on or about May 21, 2024, at the aforesaid location, the aforesaid motor vehicle bearing New Jersey State registration number AY467K came in contact with the aforesaid motor vehicle bearing Pennsylvania State registration number LWR0831.

62. That on or about May 21, 2024, at the aforesaid location, the aforesaid motor vehicle bearing New Jersey State registration number AY467K came in contact with the aforesaid motor vehicle bearing Pennsylvania State registration number LWR0831, in which Plaintiff ORLANDO SANTANA FRIAS was legally seated.

63. That the aforesaid accident and injuries resulting were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

64. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, ORLANDO SANTANA FRIAS, was severely injured, bruised, and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

65. That by reason of the foregoing, the Plaintiff ORLANDO SANTANA FRIAS, was

compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

66. That by reason of the foregoing, the Plaintiff ORLANDO SANTANA FRIAS, has been unable to attend to his usual occupation in the manner required.

67. That by reason of the wrongful, negligent, and unlawful actions of the defendants, as aforesaid, the Plaintiff, ORLANDO SANTANA FRIAS, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of said Insurance Law.

68. That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

69. That defendants were further negligent in the hiring, screening, training, and supervision of their employees including but not limited to MIGUEL F VEGA.

70. That as a result of the foregoing, the Plaintiff, ORLANDO SANTANA FRIAS, sustained damages in an amount that exceeds the jurisdictional limits of the lower courts.

**WHEREFORE**, the plaintiffs demand judgment both compensatory and exemplary against the defendants, jointly & severely, in the first and second causes of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of each cause of action.

Dated: Woodhaven, NY
December 12, 2024

Yours, etc.
GAMBONE LAW GROUP, PLLC

By: Adilya Gambone, Esq.
Attorney(s) for Plaintiff(s)
ORLANDO SANTANA FRIAS
8652 WOODHAVEN BLVD. 2ND FL.
QUEENS, NY 11421
T: 718 650 5111
F: 718 682 3155

Individual Verification

STATE OF NEW YORK
COUNTY OF QUEENS

The undersigned, affirms that the following statements are true under the penalties of perjury.

This SUMMONS AND COMPLAINT and the papers on which it is based, are certified pursuant to Section 130-1. 1-a of the rules of the Chief Administrator (22NYCRR)

That deponent is the plaintiff in the within action; that deponent has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters' deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Personal knowledge, information and investigation on the file.

______________________

SWORN TO BEFORE ME THIS 9th
DAY OF July 2024

______________________
Notary Public

AAKRITI TULI MEHRISHI
Notary Public, State of New York
Reg. No. 01TU0024408
Qualified in Queens County
Commission Expires 05/07/2028

*Index No.*
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------------------X
ORLANDO SANTANA FRIAS,

Plaintiffs,

-against-

MIGUEL F VEGA, VEGA TRANSPORTATION, LLC and WAKEFERN FOOD CORP.,

Defendants,
---------------------------------------------------------------------------X

## SUMMONS and COMPLAINT

**GAMBONE LAW GROUP, PLLC**
***Attorneys for Plaintiffs***
ORLANDO SANTANA FRIAS
**8652 Woodhaven Blvd**
**Queens, NY 11421**
**T: 718 650 5111**
**F: 718 682 3155**
**agambone@gambonelawgroup.com**

*Attorney(s) for*

*Service of a copy of the within* *is hereby admitted*
*Dated:*

.......................................................
*Attorney(s) for*